LAURA E. DUFFY
United States Attorney
CAROLINE J. CLARK
Assistant U.S. Attorney
California State Bar No. 220000
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Email: caroline.clark@usdoj.gov
Telephone: (619) 557-7491
Facsimile: (619) 557-5004

Attorneys for Petitioner

FILED
10 AUG 30 AM 9:52
CLERK, U.S. DISTRICT C...
...HERN DISTRICT OF CAL...
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. '10 CV 1804 IEG BLM |
| Petitioner, | PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS |
| v. | Date: November 8, 2010 |
| DAVID B. HUDMAN, | Time: 10:30 a.m. |
| | Crtrm: 1 |
| Respondent. | The Honorable Irma E. Gonzalez |

Petitioner, the United States of America, by its counsel, Laura E. Duffy, United States Attorney, and Caroline J. Clark, Assistant United States Attorney, petitions the Court for an order to enforce the Internal Revenue Service (hereinafter "IRS") summons described below and, in support thereof, alleges as follows:

1. This proceeding is brought at the request of the Chief Counsel, IRS, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States.

2. Jurisdiction over these proceedings is conferred upon this Court by 26 U.S.C. §§ 7402(b) and 7604(a), and 28 U.S.C. § 1345.

3. Venue is proper in the Southern District of California because David B. Hudman ("Respondent") is found within this district.

4. At all times relevant, Charles Mueller, who issued the summons to Respondent, was a Revenue Officer with the IRS, employed in the California Area, Long Beach Territory, Group 13 of the

1  Small Business/Self-Employed Division of the IRS in San Diego, California, and was authorized to issue
2  the IRS summons pursuant to the authority contained in 26 U.S.C. § 7602 and 26 C.F.R. § 301.7602-1.
3  See Declaration of Revenue Officer Charles Mueller at ¶ 1 (hereinafter "Mueller Decl.").

4      5.  Respondent resides at 1735 Froude Street, San Diego, California, which is within the
5  geographical jurisdiction of this Court.

6      6.  On March 5, 2010, Revenue Officer Mueller issued an IRS summons directing Respondent
7  to appear before him on April 22, 2010, at 10:00 a.m. at 880 Front Street, San Diego, California, to give
8  testimony and to produce for examination the documents and records specified the summons. Mueller
9  Decl. at ¶¶ 3, 5. The summons ("Collection Summons") related to the collection of an unpaid assessed
10 income tax liability for the years 1990, 1996, 1997, 1998, 1999, 2000, 2001, 2002, and 2006. Id. at ¶¶
11 2, 3. On March 5, 2010, Revenue Officer Mueller personally served the summons by handing an attested
12 copy of the summons to a person over 16 years of age at Respondent's last and usual place of abode.
13 Id. at ¶ 4. Copies of the summons and certificate of service are attached to the Mueller Declaration as
14 Exhibits A and B.

15     7.  On April 22, 2010, Respondent did not appear in response to the summons and did not
16 provide any of the summoned information. Id. at ¶ 5.

17     8.  At Officer Mueller's request, the Office of Division Counsel of the IRS, sent a "last chance"
18 letter to Respondent directing him to appear on June 9, 2010. Id. at ¶ 6. On June 9, 2010, Respondent
19 did not appear and did not provide any of the summoned information. Id.

20     9.  To date, Respondent has not provided the IRS with the testimony and documents requested
21 in the summons. Id. at ¶ 7.

22     10.  All administrative steps required by the Internal Revenue Code for the issuance of the
23 summons have been taken. Id. at ¶ 9.

24     11.  In order to obtain judicial enforcement of an IRS summons, the United States bears the
25 initial burden of showing "that the investigation will be conducted pursuant to a legitimate purpose, that
26 the inquiry may be relevant to the purpose, that the information sought is not already within the
27 Commissioner's possession; and that the administrative steps required by the Code have been followed
28 . . ." United States v. Powell, 379 U.S. 48, 57-58 (1964); accord, United States v. Dynavac, 6 F.3d 1407

(9th Cir. 1993). The burden on the government is a "slight one" and may be satisfied by presenting the declaration by the investigating agent. <u>Dynavac</u>, 6 F.3d at 1414 (citations omitted). Once a prima facie case has been made, "a heavy burden falls on the taxpayer" to show an abuse of process or lack of institutional good faith. <u>Id.</u> The taxpayer "must allege specific facts and evidence to support his allegations." <u>Liberty Financial Services v. United States</u>, 778 F.2d 1390, 1392 (9th Cir. 1985) (citation omitted). The matter may be decided on the written record in a summary proceeding. See <u>Hotz v. United States</u>, No. MISC-CV-F-95-32, 1996 WL 159695 at *2 (E.D. Cal. Jan. 9, 1996). To be entitled to an evidentiary hearing, a respondent must make some showing to support a contention of improper purpose or lack of good faith. <u>Fortney v. United States</u>, 59 F.3d 117, 121 (9th Cir. 1995).

12. Revenue Officer Mueller is conducting an investigation to determine Respondent's ability to pay his income tax liability for the tax years 1990, 1996, 1997, 1998, 1999, 2000, 2001, 2002, and 2006. Mueller Decl. at ¶ 2.

13. The Internal Revenue Code specifically allows the issuance of a summons for the purpose of "determining the liability of any person for any internal revenue tax. . . or collecting any such liability . . ." 26 U.S.C. § 7602(a). Therefore, Revenue Officer Mueller's investigation is being conducted pursuant to a legitimate purpose specifically authorized by statute.

14. Further, the testimony, books, papers, records, or other data sought by the summons are not already in the possession of the IRS. Mueller Decl. at ¶ 8.

15. Respondent is in possession and control of the testimony and documents concerning the above-described investigation.

16. The Internal Revenue Code permits the Secretary to summon the records of any person "which may be relevant or material" to the investigation. 26 U.S.C. § 7602(a)(1). It is well settled that to satisfy the relevancy requirement set forth in <u>Powell</u>, the United States must demonstrate that the summoned information may "throw light upon" the subject of the investigation. <u>United States v. Arthur Young & Co.</u>, 465 U.S. 805, 813-14, n. 11 (1984). This standard necessarily presents a low threshold because of the inherent difficulties in ascertaining, prior to examination, how much use the summoned

///

///

1 records will be in determining the collectibility of a person's tax liability and whether a person has an
2 income tax liability for a specific period. The Supreme Court has observed that:

3  [a]s the language of § 7602 clearly indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. The
4  language "may be" reflects Congress' express intention to allow the IRS to obtain items of even <u>potential</u> relevance to an ongoing investigation, without reference to its
5  admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized.
6

7 <u>Arthur Young & Co.</u>, 465 U.S. at 814 (internal citation omitted) (emphasis in original). This low
8 threshold of relevance also follows from the language of the Code, which authorizes the investigation
9 of persons who "may be liable" for taxes. 26 U.S.C. § 7601.

10  17. Under the instant circumstances, it is clear that the summoned material is relevant. The
11 purpose of Revenue Officer Mueller's investigation is to determine the ability of Respondent to pay the
12 income tax liability assessed against him. Mueller Decl. at ¶ 2. The Collection Summons seeks, among
13 other things, "All documents and records you possess or control regarding assets, liabilities, or accounts
14 held in the taxpayer's name or for the taxpayer's benefit [including] . . . all bank statements, checkbooks,
15 cancelled checks, savings account passbooks, records or certificates of deposit . . ." <u>Id.</u> at Exhibit A.
16 The documents sought by this summons are relevant to the determination of the collectibility of the tax
17 liability assessed against Respondent. <u>Id.</u> at ¶ 10.

18  18. There is no Department of Justice referral in effect with respect to Respondent. <u>Id.</u> at ¶ 11.
19  WHEREFORE, the United States requests that:
20  1. The Court enter an order directing Respondent, David B. Hudman, to show cause, if any, why
21 he should not comply with and obey the above-described summons (Mueller Decl. at Exhibit A) served
22 on March 5, 2010, and each and every requirement thereof, by ordering the attendance, testimony, and
23 production of the books, papers, records, and other data required and called for by the terms of the
24 summons before Revenue Officer Mueller, or any other proper officer or employee of the IRS at such
25 time and place as may be fixed by Revenue Officer Mueller or any other proper officer or employee of
26 the IRS.
27 ///
28 ///

2. That the United States recover the costs and expenses incurred in maintaining this action against Respondent.

3. That the Court grant such other and further relief as may be required.

DATED: August 30, 2010

LAURA E. DUFFY
United States Attorney

*Caroline J. Clark*
CAROLINE J. CLARK
Assistant United States Attorney
Attorneys for Petitioner
E-Mail: caroline.clark@usdoj.gov

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
The United States of America

**DEFENDANTS**
David B. Hudman

FILED
10 AUG 30 AM 9:52

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY ___ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Caroline Clark, Assistant U.S. Attorney, Civil Division, Office of the U.S. Attorney, 880 Front Street, Rm 6293, San Diego, CA 92101

Attorneys (If Known)
'10 CV 1804 IEG BLM

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|                                         | PTF | DEF |                                                          | PTF | DEF |
|-----------------------------------------|-----|-----|----------------------------------------------------------|-----|-----|
| Citizen of This State                   | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State                | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                           | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN**   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C. § 1345
Brief description of cause:
Petition to Enforce Internal Revenue Summonses

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE: 08/30/2010
SIGNATURE OF ATTORNEY OF RECORD: Caroline Clark

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

