1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          )   Case No.  10cv1804 IEG (BLM)
                                        )
11                        Petitioner,   )
                                        )
12            v.                        )   ORDER GRANTING PETITION TO
                                        )   ENFORCE INTERNAL REVENUE
13   DAVID B. HUDMAN,                    )   SUMMONS
                                        )
14                        Respondent.   )
                                        )
15   _____)

16

17          The Government has petitioned the Court for an order enforcing the Internal Revenue

18   Service  ("IRS") Summons issued to Respondent David B. Hudman ("Respondent").  On August 30,

19   2010, the Court issued an order to show cause why the IRS summons should not be judicially

20   enforced.  On September 23, 2010, the Court granted the Government's request to continue the

21   hearing in the matter until January 18, 2011.  On December 10, 2010, the IRS personally served a

22   copy of the order granting the continuance and the order to show cause upon Respondent.

23   Respondent did not file a written response to the order to show cause.

24          The hearing was held on the Government's petition on January 18, 2011, at 10:30 a.m. The

25   Government was represented by Assistant United States Attorney Caroline J. Clark.  Respondent

26   appeared and represented himself.  For the reasons explained herein, the Government's petition to

27   enforce the summons is granted.

28   ///

BACKGROUND

On March 5, 2010, Charles Mueller, a Revenue Officer employed by the IRS, issued an IRS summons to Respondent.  [Declaration of Revenue Officer Charles Mueller in Support of Petition, ("Mueller Decl."), ¶ 3.]  The IRS is conducting an investigation regarding Respondent's ability to pay his outstanding tax liabilities.  The summons relates to the collection of Respondent's unpaid assessed federal income tax liability for the tax years 1990, 1996, 1997, 1998, 1999, 2000, 2001, 2002, and 2006.  [Id.]  On March 5, 2010, the IRS served a copy of the summons on Respondent by personally handing an attested copy of the summons to a person over 16 years of age at Respondent's last and usual place of abode.  [Id. at ¶ 4.]

The summons ordered Respondent to appear before the IRS on April 22, 2010.  [Id. at ¶ 5.]  On April 22, 2010, Respondent did not appear before Revenue Officer Mueller and did not provide any of the summonsed information.  [Id.]  The Office of Division Counsel of the IRS subsequently sent a letter to Respondent directing him appear before Revenue Officer Mueller on June 9, 2010.  [Id. at ¶ 6.]  Respondent again failed to appear and did not provide any of the information requested in the summons.  [Id.]  To date, Respondent has not provided the IRS with the testimony and documents requested by the summons.  [Id. at ¶ 7.]

On August 30, 2010, the Government petitioned the Court to enforce the summons.  On August 30, 2010, the Court set a hearing date for this matter and ordered Respondent to show cause why he should not be compelled to comply with the IRS summons.  On September 21, 2010, the Government requested that the hearing date be continued and on September 23, 2010, the Court granted the request.  The IRS served the order continuing the hearing and the order to show cause on Respondent on December 10, 2010 and filed proof of service with the Court on December 21, 2010.  Respondent did not file a written response to the order to show cause.  On January 18, 2011, the Court held a hearing on the order to show cause.

DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant of material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability

of any person for any internal revenue . . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish it's 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose.; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction by the sworn declaration of the revenue agent who issued the summons that Powell requirements have been met." Id. at 120.  Once the government has made a prima facie showing that enforcement of the summons is appropriate, the burden shifts to the Respondent to show that enforcement of the summons would be an abuse of the court's process.  Powell, 379 U.S. at 58.  The Supreme Court has characterized respondent's burden as a heavy one.  Id.

The Government's petition and Revenue Officer Mueller's supporting declaration satisfy all four elements of the Powell standard.  First, the IRS is conducting an investigation with respect to the collection of Respondent's unpaid assessed federal tax liabilities for the tax years 1990, 1996, 1997, 1998, 1999, 2000, 2001, 2002, and 2006.  [Mueller Decl., ¶ 2.]  Such an investigation is expressly authorized by 26 U.S.C. § 7602(a).  The Internal Revenue Code explicitly allows the issuance of a summons for the purpose of determining "the liability of any person for any internal revenue tax  . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a).  The purpose for issuing a summons may include "inquiring into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(b).  Thus, the summons was issued for a legitimate purpose.  Second, Revenue Officer Mueller has declared in his affidavit that the information requested by the summons may be relevant to the IRS determination of the collectibility of Respondent's assessed income tax liability.  [Id. at ¶ 10.]  Third, the IRS does not already possess the testimony, papers, records, and other data sought by the summons issued to Respondent.  [Id. ¶ 8.]  Finally, the IRS has followed and exhausted all required administrative steps, but Respondent

3

1    has not complied with the summons.  [Id. at ¶ 9.]  Thus, the Government has made prima facie

2    showing that it is entitled to judicial enforcement of the summons.

3                                                CONCLUSION

4              For the reasons set forth herein, the Government's petition to enforce the IRS summons is

5    GRANTED.  Respondent, David B. Hudman, is directed to appear before IRS Revenue Officer

6    Charles Mueller or a designee, *on February 16, 2011, at 11:00 a.m.*, at the offices of the Internal

7    Revenue Service located at 880 Front Street, Suite 3295, San Diego, California, and to produce the

8    documents and give testimony as directed in the summons.  The Government shall serve a copy of

9    this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this

10   Order is served upon counsel for the Government, or as soon thereafter as possible.  Proof of such

11   service shall be filed with the Clerk of Court as soon as practicable.

12             Respondent is hereby notified that failure to comply with this Order may subject him to

13   sanctions for contempt of court.

14             **IT IS SO ORDERED.**

15   DATED:  January 25, 2011

16                                                     IRMA E. GONZALEZ, Chief Judge

17                                                     United States District Court

18

19

20

21

22

23

24

25

26

27

28